R. PAINE, RECEIVER, ET AL. *v.* D. B. HOLLIDAY.

1. ATTACHMENT.  *Act of* 1884.  *Intervention of creditor; when allowed.*
    The right conferred by the act of March 11, 1884 (Laws 1884, p. 76), upon a creditor to intervene and defend in lieu of the defendant in an attachment suit by another creditor against their common debtor, cannot be availed of after rendition of judgment in the attachment suit.

2. SAME.  *Receiver; may intervene in behalf of creditors.*
    Although, by the language of said act of 1884, the right to intervene is conferred only on creditors, a receiver, who, by the circumstances of his appointment, is made the representative of creditors interested in a fund in his hands, may exercise for such creditors the right to intervene and defend an attachment suit against the common debtor which seeks to subject the fund.

FROM the circuit court of Monroe county.

R. C. BECKETT, ESQ., and W. B. WALKER, ESQ., special judges by consent; the former presiding on the hearing of the motion of Ellen Harris, and the latter upon the hearing of the application of R. Paine, receiver.

On the 18th day of March, 1888, appellee, Holliday, sued out an attachment against Gattman & Co. for the sum of $2000, and caused writs of garnishment to be served on two mercantile firms, in each of which he was a partner. At the April term of the circuit court, the garnishees answered, admitting an indebtedness to Gattman & Co., and stating the order in which they had been garnished by the various creditors of said firm who had sued out

attachments.   At the same term of the court the defendants filed their plea, traversing the ground of attachment, and the cause was continued.   Meantime, appellee and many other creditors of Gattman & Co. united in a creditors' bill in the chancery court of Monroe county, the purpose of which was to set aside as fraudulent the assignment executed by Gattman & Co. of all their assets, and by one suit to adjust all the conflicting interests of the parties, and to fix the priorities of liens, etc.   As a result of this suit, proceedings in the circuit court were suspended.   Before the trial of either case, a compromise was effected, and a final decree was entered in the chancery suit, adjusting the rights of all parties thereto, except those of appellee growing out of his attachment suit.   The parties failed to agree as to this, and, by consent, the chancery suit was dismissed as to Holliday, without prejudice to his right to proceed with his attachment.

The appellant, R. Paine, was, by consent, appointed receiver in the chancery suit of all the assets of Gattman & Co., and he was directed by the decree to make distribution to creditors according to their interests as fixed therein.   As such receiver he collected the debts due by the garnishees in the attachment suit of appellee, and held the same to await the result of the trial.

At the next ensuing term of the circuit court, Gattman & Co., defendants in the attachment suit of Holliday, appeared and withdrew their plea in abatement, and made no further objection to the judgment being rendered against them.   Thereupon counsel for R. Paine, receiver, asked leave to intervene in the cause, but, not being prepared with the affidavit and bond required by the act of 1884, the court directed judgment to be entered, with the understanding that he might present a formal application and show cause why the judgment should be set aside.   Thereupon judgment was entered for the amount admitted by the garnishees to be due, and reciting that the debts had been paid to R. Paine, receiver, who held the same subject to the attachment and garnishment.   The judgment was that plaintiff recover of said receiver the amount of his demand.   On the following day the receiver renewed his

application, which was denied by the court, whereupon he made a motion for a new trial, which was overruled.

At the same term of court, and after the judgment against the defendants in attachment, the appellant, Ellen Harris, a creditor of Gattman & Co., also made application to set aside the judgment and to intervene in lieu of the defendants. No action was taken at that term upon her application, but at the next term, in October, 1890, her application was heard by the court and denied.

The opinion of the court contains a further statement of the case.

A history of the chancery suit, which culminated in the appointment of the receiver and the consent decree, is given in the case of *Carlisle* v. *Gunn, ante,* p. 243. Both Paine, receiver, and Ellen Harris have appealed.

*Clifton & Eckford,* for appellants.

The judgment on the garnishment was also against R. Paine, receiver, who held the fund in controversy. It was error to render judgment against him without notice. *Jack* v. *Thompson,* 41 Miss. 49.

The judgment in the attachment case was void. Holliday could not proceed at law and in equity at the same time and on the same debt. *Payne* v. *Harrell,* 40 Miss. 498.

By the injunction in the equity suit, the case was removed from the docket of the circuit court. Judgment was rendered therefore in a case not on the docket. Code 1880, § 1485; *Fall* v. *Commissioners,* 3 S. & M. 128; *Brown* v. *Lester,* 13 Ib. 393.

Jurisdiction in the attachment depended upon the indebtedness by the garnishees, since there was no other levy. Judgment was not taken against the garnishees, and therefore the jurisdiction failed. Code 1880, § 2468; *Baum* v. *Burns,* 66 Miss. 127; *Dyson* v. *Baker,* 54 Ib. 24; *Gates* v. *Flint,* 39 Ib. 366; *Sherman* v. *Bank,* 66 Ib. 648; *Bank* v. *West,* 67 Ib. 739.

The rendition of an invalid judgment could not cut off the right of Mrs. Harris to intervene. The judgment is an entirety, and, being void as to one of the parties, is void as to all. *Parisot* v. *Green,* 46 Miss. 747; *Dyson* v. *Baker, supra.*

*Gilleylen & Leftwich,* on the same side.

The receiver was not in court of his own motion, and the judgment against him is void.  *Duncan* v. *Gerdine,* 59 Miss. 550.

Judgment against the receiver being by default without service of process upon him, is void, and should be set aside on the application of either himself or Ellen Harris, either at the term at which it was rendered or at a subsequent term.  *Lane* v. *Wheless,* 46 Miss. 666 ; *Meridian* v. *Trussell,* 52 Ib. 711.

*Sykes & Richardson,* for appellee.

1. Paine was appointed receiver to collect and preserve the property or fund in litigation. He is a disinterested person between the parties to the cause, and is not the agent or representative of either party.  High on Receivers, § 1.

His appointment does not oust any party of his right to the possession of the property, but merely retains it for the benefit of the party who may ultimately appear to be entitled to it.  4 Md. 85 ; 1 Bland, 418.

In attempting to intervene in this case the receiver was making an improper use of his office. He was lending his aid to one creditor as against another. It was never contemplated that he would assume to decide which of the debts were valid, and which of them should obtain the benefits of garnishments. The use of the name of Ellen Harris is a subterfuge of the same kind, since she does not claim to be interested or to be benefited in any way, however the courts may apply the fund. Besides, the act of 1884 gives no right to the receiver thus to intervene. The judgment is not void because against Paine, receiver, instead of against the garnishees. He was present at the time and made no objection to that feature of the judgment. It is not stated to be a ground of error in any of the motions to set aside the judgment or for a new trial. Paine is not in a position to object to the judgment. It does not adjudicate anything as to him, but as the fund is *in custodia legis,* he, as the holder of it, was merely directed to pay it out.

The application of Ellen Harris was properly refused. It was too late for her to intervene after a valid judgment in the attachment suit.

COOPER, J., delivered the opinion of the court.

There was no error in the action of the Court below in refusing to permit Mrs. Harris, a creditor of the defendants, Gattman & Co., to intervene and defend the suit after the rendition of the judgment against the defendants.

The right to intervene at all, arises under the provisions of sections 2 and 3 of chap. 44 of the acts of 1884 (Acts, p. 76), and the privilege thereby conferred must be availed of before, and not after the termination of the suit.

The greater number of the numerous errors assigned by counsel and argued at length present questions with which neither Paine nor Mrs. Harris have any concern. The principal question is, whether the court erred in refusing to permit them to intervene. If error was committed in this respect, the judgment must be reversed; if there was no error in this particular, it does not lie with them to assign errors for Gattman & Co., the defendants in attachment.

The real question in the case is, whether R. Paine, receiver, was entitled to intervene in the suit and make defense for the defendants in attachment to prevent the rendition of a collusive judgment in favor of the plaintiffs. The lower court held that Paine was not himself a creditor of the defendants, and was therefore not within the terms of the act permitting intervention. So much as is material of the act referred to is as follows:—

"Sec. 2. That any creditor of a defendant in attachment sued out under the provisions of chapter 67 of the revised code of 1880, shall have the right to intervene in any court where the same may be pending, and contest the grounds alleged for suing out the same by plea in abatement of the writ, upon making and filing in such court an affidavit setting forth that he is a creditor of the defendant, and that he believes the alleged ground or grounds of attachment to be untrue, and in such case that shall be the issue to be tried, unless the defendant has pleaded, or shall before trial plead in abatement of the writ, and in such case the creditors intervening may introduce testimony in behalf of the defendant: *provided*, that any person intervening as a creditor under the provisions

of this act shall give bond in such penalty as the court shall prescribe, conditioned to pay the costs of the trial in case the issue shall be found against him; *and provided further,* that a trial shall not be allowed in the same case on more than one plea in abatement."

"Sec. 4. That if any person shall present to the court in which any attachment suit may be pending an affidavit setting forth that he is a creditor of the defendant, and that he has just cause to suspect and verily believes that the debt claimed in the suit is fictitious or simulated, in whole or in part, he shall be admitted to defend the suit in the name of the defendant, upon giving bond as provided in the second section of this act."

The record in this cause does not show how and under what circumstances Paine was appointed receiver, or the extent of his powers; but there is an agreement of counsel by which the bill of complaint, answer thereto, agreement of the parties, and final decree thereon in the case of *Carlisle* v. *Gunn,* in this court (*ante,* p. 243), may be considered as a part of the record of this cause. From an examination of that record we find that a very great number of creditors of Gattman & Co. (seventy or more) sued out attachments against them, and it became necessary that a proceeding in chancery should be instituted to settle conflicting claims and priorities of the creditors, and finally a decree by consent was rendered, whereby the entire assets of the defendants, Gattman & Co., were vested in Paine, who was directed to distribute the proceeds thereof according to the decree.

The present appellee was a party to that suit, but it was found that no agreement could be reached touching the validity of his claim. It was, therefore, ordered that the bill should stand dismissed in so far as it concerned his demand, without prejudice to his prosecuting his attachment at law; but the fund in the hands of the garnishees in his attachment, it was agreed, should be paid over to Paine as receiver, there to remain until the right of the appellee to subject the same should be determined. It thus appears that there was a dispute between the other creditors of Gattman & Co., on the one side, and Holliday on the other, touching his right to subject the fund in controversy to his

demand; that the estate of Gattman & Co. was placed in the hands of Paine, receiver, for distribution among the creditors other than Holliday, who were parties to the chancery proceedings; and that the fund here in controversy was also paid over to him to await the result of this litigation. In view of these circumstances, we think that Paine was constituted the representative of the other creditors to such an extent as to justify his intervention in the present controversy, and consequently that he should have been permitted to intervene under the provisions of the act hereinbefore recited.

The act is of a remedial character, and its manifest purpose is to prevent collusion between a debtor and one of his creditors, to the injury of other creditors. Upon well-settled principles, it should be liberally construed in furtherance of its purpose and policy. The creditors might have intervened personally and in their own names to contest the suit of the appellee, but substantially the same thing is done by the application of their receiver, who appears for them collectively.

For the error in rejecting the application of Paine for leave to intervene and defend the suit,

*The judgment must be reversed.*